IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-51-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEKAR KYLE DEES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On August 15, 2011, pursuant to a written plea agreement [D.E. 26], Dekar Kyle Dees ("Dees") pleaded guilty to using and carrying a firearm in furtherance of a crime of violence, namely, interference with commerce by robbery, in violation of 18 U.S.C. § 924(c). See [D.E. 1, 25]. In his plea agreement, Dees agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 26] ¶ 2.c.

On November 17, 2011, the court sentenced Dees to 84 months' imprisonment (the statutory minimum) and 5 years' supervised release [D.E. 32]. The court entered its judgment on December 6, 2011. Dees did not appeal.

On February 14, 2012, Dees filed a motion to receive jail credit. See [D.E. 35]. On February 4, 2014, Dees filed a motion for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 36]. Dees also contends that this conviction under 18 U.S.C. § 924(c) violates the Commerce Clause and Article III of the United States Constitution. See [D.E. 41]. On March 11, 2014, the government responded in opposition. See [D.E. 39].

On March 25, 2014, the court denied without prejudice Dee's request for jail credit for the time he spent on house arrest. See [D.E. 40]. Dees first must direct his claim for jail credit to the Bureau of Prisons ("BOP"). See, e.g., 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333–34 (1992); cf. Reno v. Koray, 515 U.S. 50, 54–65 (1995); United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991).

As for Dees's claims under the Commerce Clause, Article III, and Simmons, the court provided notice to Dees on March 25, 2014, that in order to challenge his conviction and sentence, Dees must file a motion pursuant to 28 U.S.C. § 2255. See [D.E. 40] 2. The court also notified Dees that it could convert his motion into a section 2255 petition if Dees consents. See id.; Castro v. United States, 540 U.S. 375, 377 (2003); United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008). The court gave Dees until April 25, 2014, to express his consent to the conversion or to withdraw or amend his petition. See [D.E. 40]; Castro, 540 U.S. at 383.

On March 27, 2014, Dees asked the court to recharacterize his motion for relief under the Commerce Clause, Article III, and Simmons as a motion under 28 U.S.C. § 2255. See [D.E. 41]. The court does so. Unfortunately for Dees, however, he waived his Commerce Clause, Article III, and Simmons challenges to 18 U.S.C. § 924(c)(1)(A) in his plea agreement. See [D.E. 26] ¶ 2.c. Because this court fully complied with Rule 11 of the Federal Rules of Criminal Procedure when

2

accepting Dees's guilty plea, the waiver is binding and enforceable. See, e.g., United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Thus, the court enforces the waiver and dismisses Dees's claims. Alternatively, the claims are frivolous and fail on the merits.

After reviewing the claim presented in Dees's motion, the court determines that reasonable jurists would not find the court's treatment of any of Dees's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court DENIES Dees's motion for relief 28 U.S.C. § 2255 [D.E. 36, 41] and motion for counsel [D.E. 42]. The court also DENIES a certificate of appealability

SO ORDERED. This 14 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge

3